Nos. 2022-1021, -1068, -1078

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS

*Plaintiff-Appellee*

FONTAINE INC., GOVERNMENT OF CANADA, MARCEL LAUZON INC., LES PRODUITS FORESTIERS D&G LTÉE, NORTH AMERICAN FOREST PRODUCTS LTD., PARENT-VIOLETTE GESTION LTÉE, LE GROUPE PARENT LTÉE, SCIERIE ALEXANDRE LEMAY & FILS INV., GOVERNMENT OF QUÉBEC, MOBILIER RUSTIQUE (BEAUCE) INC., GOVERNMENT OF THE PROVINCE OF NEW BRUNSWICK

*Plaintiffs-Appellants*

V.

UNITED STATES

*Defendant*

Appeal from the United States Court of International Trade
in Consolidated Court No. 19-00122,
Chief Judge Mark A. Barnett

## PLAINTIFFS-APPELLANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO AMICUS BRIEF OF THE UNITED STATES

Joanne Osendarp
Lynn G. Kamarck
Alan Kashdan
Conor Gilligan

MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20009
Tel: (202) 756-8349
Email: josendarp@mwe.com
*Counsel for Government of Canada*

February 22, 2023

(Counsels continue on next page)

Matthew J. Clark
Nancy A. Noonan
ARENTFOX SCHIFF LLP
1717 K Street, N.W.
Washington, DC 20006
Tel: (202) 857-6000
Email: matthew.clark@afslaw.com
*Counsel for Government of Québec*

Stephan E. Becker
Aaron R. Hutman
Moushami P. Joshi
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1200 17th Street, NW
Washington, DC 20036
Tel: (202) 663-8277
Email:
stephan.becker@pillsburylaw.com
*Counsel for Government of the
Province of New Brunswick*

Edward M. Lebow
Angela Oliver
HAYNES AND BOONE, LLP
800 17th Street, NW, Suite 500
Washington, DC 20006
Tel: (202) 654-4514
Email: ed.lebow@haynesboone.com
*Counsel for Les Produits Forestiers
D&G Ltée and Marcel Lauzon, Inc.*

Richard L.A. Weiner
Rajib Pal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8075
Email: rweiner@sidley.com
*Counsel for North American Forest
Products Ltd., Parent-Violette
Gestion Ltée and Le Groupe Parent
Ltée*

Mark B. Lehnardt
LAW OFFICES OF DAVID L.
SIMON, PLLC
1025 Connecticut Ave., N.W.
Ste. 1000
Washington, D.C. 20036
Tel: (202) 642-4850
Email: marklehnardt@dlsimon.com
*Counsel for Fontaine Inc.*

Yohai Baisburd
Jonathan M. Zielinski
James E. Ransdell
Cassidy Levy Kent (USA) LLP
900 19th Street, NW, Suite 400
Washington, DC 20006
Tel: (202) 567-2319
Email: ybaisburd@cassidylevy.com
*Counsel for Scierie Alexandre Lemay
& Fils Inc.*

**Certificates of Interest**

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2022-1021, -1068, -1078 |
| **Short Case Caption** | COMMITTEE OVERSEEING ACTION FOR LUMBER v. US |
| **Filing Party/Entity** | Government of Canada |

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 2/22/2023

Signature:   /s/ Joanne Osendarp

Name:   Joanne Osendarp

FORM 9. Certificate of Interest                                              Form 9 (p. 2)
                                                                              July 2020

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Government of Canada | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

vi

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| Dean A. Pinkert | McDermott Will & Emery, LLP | Appeared in the originating Court, but will not appear in this Court |
|---|---|---|
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number**   2022-1021, -1068, -1078

**Short Case Caption**   Committee Overseeing Action for Lumber v. US

**Filing Party/Entity**   Government of Québec

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/22/2023                    Signature:   /s/ Nancy A. Noonan

Name:   Nancy A. Noonan

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Government of Québec | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| Friederike S. Goergens | Arent Fox LLP | TERMINATED: 02/16/2021 |
| John A. Gurtunca | ArentFox Schiff LLP | TERMINATED: 08/24/2022 |
| Aman Kakar | ArentFox Schiff LLP | TERMINATED: 08/23/2022 |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2022-1021, -1068, -1078 |
| **Short Case Caption** | Committee Overseeing Action for Lumber v. US |
| **Filing Party/Entity** | Plaintiff - Appellant: GOVERNMENT OF THE PROVINCE OF NEW BRUNSWICK |

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: February 22, 2023

Signature: /s/ Stephan E. Becker

Name: Stephan E. Becker

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| GOVERNMENT OF THE PROVINCE OF NEW BRUNSWICK | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑   None/Not Applicable            ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑   None/Not Applicable            ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable            ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 22-1021, -1068, -1078 |
| **Short Case Caption** | Committee Overseeing Action for Lumber v. US |
| **Filing Party/Entity** | Les Produits Forestiers D&G Ltée and Marcel Lauzon Inc. |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/22/2023

Signature: /s/ Edward M. Lebow

Name: Edward M. Lebow

**FORM 9. Certificate of Interest**

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Les Produits Forestiers D&G Ltée | | Gesco Star Group Ltd. (aka Le Groupe Gesco-Star Ltée) |
| | | |
| Marcel Lauzon Inc. | | 9408-6535 Quebec Inc. (formed by merger of Placement Marcel Lauzon Ltd. and Investments LRC) |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑   None/Not Applicable        ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑   None/Not Applicable        ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable        ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1021, 2022-1068, 2022-1078

**Short Case Caption** Committee Overseeing Action for Lumber v. US

**Filing Party/Entity** North American Forest Products Ltd., Le Groupe Parent Ltee, Parent-Violette Gestion Ltee

---

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/02/2021

Signature: /s/ Richard L.A. Weiner

Name: Richard L.A. Weiner

FORM 9. Certificate of Interest

| 1. Represented Entities.<br>Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest.<br>Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders.<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| North American Forest Products Ltd., | | Parent-Violette Gestion Ltee |
| Le Groupe Parent Ltee | | |
| Parent-Violette Gestion Ltee | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| Rajib Pal | Counsel | Sidley Austin LLP |
| | | |
| | | |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☐    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| Fed. Cir. Docket No. 2022-1068 | Fed. Cir. Docket No. 2022-1078 | These cases are consolidated with Lead case 2022-1021 |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 22-1021 |
| **Short Case Caption** | Committee Overseeing Action for Lumber v. US |
| **Filing Party/Entity** | Fontaine Inc. |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: <u>February 21, 2023</u>

Signature: <u>/s/Mark B. Lehnardt</u>

Name: <u>Mark B. Lehnardt</u>

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Fontaine Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| Law Offices of David L. Simon, PLLC | | Baker & Hostetler, LLP |
| Mark B. Lehnardt | | Elliot J. Feldman |
| | John Anwesen | Michael S. Snarr |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☒     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☒     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2022-1021, -1068, -1078 |
| **Short Case Caption** | Committee Overseeing Action for Lumber v. US |
| **Filing Party/Entity** | Scierie Alexandre Lemay & Fils Inc. |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/01/2021

Signature: /s/ Yohai Baisburd

Name: Yohai Baisburd

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Scierie Alexandre Lemay & Fils Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| Dentons (US) LLP | Vedia Eidelman, Esq. | |
| Michael E. Zolandz, Esq. | Nimrah Najeeb, Esq. | |
| Daniel Morris, Esq. | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# <u>TABLE OF CONTENTS</u>

**Page**

Table of Authorities ................................................................................ ii

Introduction ........................................................................................1

**A.** The "Fast Track" Process Under Which the URAA was Adopted Further Supports the Conclusion that the URAA Authorizes the Expedited Review Regulation. ....................................................................................2

**B.** Given the Article 19.3 Requirement for Expedited Reviews, the *Charming Betsy* Canon Supports Interpreting the URAA as Authorizing the Expedited Review Regulation. .........................................................................5

**C.** Commerce's Expedited Review Regulation is Fundamentally Procedural and, Therefore, Presumptively within Commerce's Control as the Administering Authority. ...................................................................6

**D.** The Existence of an Expedited Review Procedure Available in Antidumping Investigations Is Not Relevant to the Issues Presented in This Case. .............8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allegheny Ludlum Corp. v. United States*,
   367 F.3d 1339 (Fed. Cir. 2004) .......................................................5

*Exxon Corp. v. Phillips Petroleum Co.*,
   265 F.3d 1249 (Fed. Cir. 2001) .......................................................6

*Federal Mogul Corp. v. United States*,
   63 F.3d 1572 (Fed. Cir. 1995) .........................................................5

*Luigi Bormioli Corp. v. United States*,
   304 F.3d 1362 (Fed. Cir. 2002) .......................................................5

*Melamine Chems., Inc., v. United States*,
   732 F.2d 924 (Fed. Cir. 1984) .........................................................2

*Star-Kist Foods, Inc. v. United States*,
   275 F.2d 472 (C.C.P.A. 1959) .........................................................3

*Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*,
   435 U.S. 519 (1978)......................................................................6, 8

**Statutes**

19 U.S.C. § 1673e(a) ("section 736(a)" of the Tariff Act of 1930).........................9

19 U.S.C. § 1673e(c)(1)(C) ("section 736(c)(1)(C)" of the Tariff Act
   of 1930)......................................................................................8, 9

19 U.S.C. §§ 2191, 2903..................................................................3

19 U.S.C. § 2903(a)(1)(B) .................................................................3

19 U.S.C. §§ 2903(a)(1)(B)(i), 2906(4), and 2191(b)(1).........................3

19 U.S.C. § 3513(a) .........................................................................1

19 U.S.C. § 3513(a)(2)....................................................................1, 3

## Rules and Regulations

19 C.F.R. § 351.214(k) ........................................................................1, 5

19 C.F.R. § 351.214(k)(2) ........................................................................1

19 C.F.R. § 351.215 ........................................................................8

19 C.F.R. § 353.49 ........................................................................8

*Antidumping Duties, Final Rule and Request for Comments*,
   45 Fed. Reg. 8,182, 8,204 (Dep't of Commerce Feb. 6, 1980) ........................8–9

## Other Authorities

H.R. REP. NO. 96–317 (1979) ........................................................................9

S. REP. NO. 96–249 (1979), reprinted at 1979 U.S.C.C.A.N. 381 ............................7

S. Rep. No. 103–412, Uruguay Round Agreements Act (1994) ..............................7

WTO Agreement on Subsidies and Countervailing Measures,
Apr. 15, 1994, Marrakesh Agreement Establishing the World Trade
Organization, Annex lA, 1869 U.N.T.S. 14 ("SCM Agreement")....................1, 4, 5, 7

iii

## INTRODUCTION

Pursuant to this Court's Order of June 10, 2022, Plaintiffs-Appellants submit this supplemental brief in response to the February 7, 2023 Brief of *Amicus Curiae*, the United States.

In answer to the two questions posed by this Court's June 10 Order, the United States' *Amicus* Brief unequivocally affirms (1) that the Uruguay Round Agreements Act ("URAA"), through 19 U.S.C. § 3513(a)(2), authorized Commerce to adopt the expedited review regulation at 19 C.F.R. § 351.214(k), and (2) that Commerce's interpretation of the requirements of Article 19.3 of the Agreement on Subsidies and Countervailing Measures (the "SCM Agreement"), as reflected in the publication of 19 C.F.R. § 351.214(k), is correct. *Amicus* Br. at 1–2. Plaintiffs-Appellants agree with the analysis presented by the United States with respect to both of this Court's questions.

We offer below additional comments on four points presented in the United States' brief. Before presenting those comments, as articulated in Plaintiffs-Appellants' earlier briefing, we continue to believe that the authority granted in 19 U.S.C. § 3513(a), coupled with the URAA's express approval of both the SCM Agreement and the SAA, further support the proposition that Commerce had legal authority to issue its expedited review regulation and provide the expedited

reviews in this case.  *See,* e.g., Plaintiffs-Appellants' Opening Br. at 23–25 and 30–35, and Reply Br. at 7–10.

   **A.    The "Fast Track" Process Under Which the URAA was Adopted Further Supports the Conclusion that the URAA Authorizes the Expedited Review Regulation.**

   The *Amicus* Brief at pages 3–7 describes the process by which the URAA was implemented into U.S. law.  This process is commonly referred to as the Trade Promotion Authority ("TPA") or "Fast Track" mechanism used by the United States to negotiate and implement into U.S. law international trade treaties.

   The Uruguay Round Agreements, like many other U.S. international trade agreements, were implemented using the Fast Track mechanism.  *See* Plaintiffs-Appellants' Opening Br. at 25–28 and Reply Br. at 2–3 and 7–10.  As the *Amicus* Brief explains, the URAA implementing process did not anticipate or require that implementing legislation expressly identify and address every specific action that agencies are expected to take to implement international trade agreements that were negotiated under Fast Track authority.  *Amicus* Br. at 14, 21 ("If Congress needed to individually grant each agency authorization to adopt particular procedures, it is hard to see what the general grant of authority would accomplish.") (citing *Melamine Chems., Inc., v. United States*, 732 F.2d 924, 930 (Fed. Cir. 1984) (for the proposition that "there is no stultifying requirement that [an agency] cite a statute detailing *in haec verba* the specific action it may take

2

when confronted with a particular set of circumstances among the myriad that may occur.")).

Fast Track authority is effective because it requires a series of extensive consultations between the Executive Branch and Congress *before* the President submits to Congress the implementing bill and a statement of administrative action ("SAA") reflecting those consultations.  19 U.S.C. § 2903(a)(1)(B).  Congress, thus, fully understands what it is doing when it implements the trade agreement by passing the implementing bill (including approval of the SAA), with an up-or-down majority vote of both houses.  *See generally* 19 U.S.C. §§ 2191, 2903; *Star-Kist Foods, Inc. v. United States*, 275 F.2d 472, 484 (C.C.P.A. 1959).

Consistent with all Fast Track legislation, the applicable Fast Track statute here required that, if changes in existing laws, or new statutory authority, were considered necessary or appropriate to implement the URAA, they had to be contained in the implementing bill.  *See* 19 U.S.C. §§ 2903(a)(1)(B)(i), 2906(4), and 2191(b)(1).  Congress also granted broad authority to administrative agencies in 19 U.S.C. § 3513(a)(2) to issue regulations to implement provisions that did *not* require statutory changes.  *See Amicus* Br. at 16–20.  Because the expedited review procedures did not conflict with any existing statutory procedures, no statutory changes were required with respect to the expedited review procedures.  *See Amicus* Br. at 13–15.  Thus, as the *Amicus* Brief explains, the URAA authorized

3

Commerce to implement the expedited review procedures contained in Article 19.3
by regulation. *Amicus* Br. at 3–7.

To require, as did the CIT, that all actions necessary to implement the
applicable trade agreement be specifically enumerated in statutory provisions in
the Fast Track implementing legislation itself would make the negotiation and
implementation of trade agreements far more difficult. That is because Fast Track
provides assurances to negotiating partners that Congress will implement the
provisions as agreed to by the United States during the negotiation of the trade
agreement (such as Article 19.3 of the SCM Agreement). If implementing
legislation could be construed by U.S. courts as precluding a practice required by a
negotiated agreement and that was specifically endorsed by Congress, other
countries could not count on the United States as a good faith negotiating
counterparty. Similarly, other countries could not rely on U.S. commitments made
in the negotiating process if implementing legislation could be construed as
removing pre-existing Executive Branch authorities (as existed here regarding a
countervailing duty ("CVD") exclusion process), simply because the implementing
legislation does not expressly repeat such prior authorities.

The CIT's narrow view of Commerce's authority failed to consider the
manner in which congressional approval is provided under Fast Track authority.
Such a narrow approach not only impinges on the United States' ability to

4

negotiate trade agreements in the future, but also raises serious questions regarding the interpretation of many existing agreements that were negotiated under Fast Track authority including, but certainly not limited to, the URAA.

**B.     Given the Article 19.3 Requirement for Expedited Reviews, the *Charming Betsy* Canon Supports Interpreting the URAA as Authorizing the Expedited Review Regulation.**

The United States confirms that Article 19.3 of the SCM Agreement requires expedited reviews, and 19 C.F.R. § 351.214(k) correctly interprets and implements this Article 19.3 obligation.  *See Amicus* Br. at 24–25.  Given this international obligation, the *Charming Betsy* canon of statutory interpretation further supports the United States' and Plaintiffs-Appellants' position that Commerce had the authority to adopt the expedited review regulation.  *See* Plaintiff-Appellants' Opening Br. at 37–39.

The *Charming Betsy* canon requires that statutes "must be interpreted to be consistent with international obligations, absent contrary indications in the statutory language or its legislative history."  *Allegheny Ludlum Corp. v. United States*, 367 F.3d 1339, 1348 (Fed. Cir. 2004) (alteration accepted) (quoting *Luigi Bormioli Corp. v. United States*, 304 F.3d 1362, 1368 (Fed. Cir. 2002)); *see also Federal Mogul Corp. v. United Stat*es, 63 F.3d 1572, 1581 (Fed. Cir. 1995).  Here, Article 19.3 of the SCM Agreement requires that expedited reviews be provided under the circumstances of this case, and the SAA, as adopted by Congress,

indicates an intent to implement this requirement. *Amicus* Br. at 24–25. Nothing in the URAA, its legislative history, or in any other statute is to the contrary. Under these facts, the *Charming Betsy* doctrine requires interpreting the URAA as authorizing the expedited review regulation.

### C. Commerce's Expedited Review Regulation is Fundamentally Procedural and, Therefore, Presumptively within Commerce's Control as the Administering Authority.

Commerce's expedited review regulation is fundamentally procedural and, therefore, presumptively within Commerce's authority as the administering agency. Procedural regulations fall squarely within the broad authority of the administrative agency. *Amicus* Br. at 18 (citing *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978), and *Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249, 1252–53 (Fed. Cir. 2001) (absent a statutory restraint, "the formulation of procedures is within the administrative discretion of the agency")).

The United States describes the procedural nature of the expedited review regulation, explaining that a regulatory procedure "establishing an exclusion mechanism," dates back to Commerce's implementation of the Trade Agreements Act of 1979. *See Amicus* Br. at 2–3 and 13–15. Commerce's post-URAA expedited review regulation simply reflects changes in the procedure and timing for providing an exclusion process that already existed. *Amicus* Br. at 15 ("The

existing regulations had already allowed Commerce to exclude companies that satisfied the requirements. An expedited review is admittedly different in process from an exclusion, but similar in effect—the requesting company is not subject to the order if it can demonstrate it did not receive the government benefit. Therefore, Commerce reasonably conformed its previous procedures (providing relief to non-investigated companies), with the URAA.").

Just as the 1979 Act's SAA indicated that Commerce would promulgate an exclusion process in CVD investigations by regulation, *Amicus* Br. at 3, 13–14 (citing S. REP. NO. 96–249 (1979), reprinted at 1979 U.S.C.C.A.N. 381), so too did the Senate Committee Finance Report accompanying the URAA with respect to the current expedited review regulation, by reference to the requirements of Article 19.3 of the SCM Agreement. Specifically, the Senate Finance Committee report accompanying the URAA made clear that expedited reviews would be addressed by changes to Commerce's existing regulations, noting that "[c]urrent Commerce practice [regarding exclusions from CVD orders], must be modified in order to comport with Article 19." S. REP. NO. 103–412, at 98 (1994) (*quoted in* Plaintiffs-Appellants Reply Br. at 10). With the existence of an exclusion procedure already in place since 1980, all that Commerce needed to do under the URAA was to modify the process to reflect that the expedited review would now take place after the issuance of an order, rather than during the investigation itself. As the United

States explains, "the trial court's belief that specific grants of statutory authority are necessary to authorize every procedure is contrary to foundational principles of administrative law." *Amicus* Br. at 21 (citing *Vermont Yankee*, 435 U.S. at 524).

### D. The Existence of an Expedited Review Procedure Available in Antidumping Investigations Is Not Relevant to the Issues Presented in This Case.

In its *Amicus* Brief, the United States refers to the fact that the antidumping duty ("AD") law, unlike the CVD law, includes a statutory provision (section 736(c)(1)(C) of the Tariff Act, 19 U.S.C. § 1673e(c)(1)(C)) that allows an exporter to request an expedited review of an AD order, and for a limited period of time, the posting of a bond in lieu of the normal deposit of estimated duties. *Amicus* Br.at 9 and 23–24. The existence of this statutory procedure in AD cases is not relevant to Commerce's legal authority to promulgate the CVD expedited review regulation.

This statutory AD expedited review provision *predated* the URAA; it was added to the Tariff Act in 1979 by section 101 of the Trade Agreements Act of 1979. The URAA only made changes to section 736(c) in order to update AD terminology (substituting the previous term "foreign market value" with the new term "normal value," and the previous term "United States price" with the new term "export price (or the constructed export price).").  Similarly, the current AD expedited review regulation at 19 C.F.R. § 351.215 can be traced back to 19 C.F.R. § 353.49, promulgated on February 6, 1980. *See Antidumping Duties, Final Rule*

*and Request for Comments*, 45 Fed. Reg. 8,182, 8,204 (Dep't of Commerce Feb. 6, 1980).

The House Committee on Ways and Means report accompanying the 1979 Act, H.R. REP. NO. 96–317, at 69–70 (1979), explains why section 736(c) was included.  One of the other statutory changes made in the 1979 Act was to require the payment of AD cash deposits following issuance of an AD order, replacing the prior practice of allowing importers to post a bond as security for any AD duties that might be owed.  *See* section 736(a).  The Committee explained that section 736(c) was adopted as a limited exception to this new statutory requirement, as an aid to importers that could demonstrate that they had reduced their dumping margins after Commerce's preliminary finding of dumping.  H.R. REPORT NO. 96–317, at 70 (1979).  Because of the statute's new general requirement of cash deposits, another statutory provision was needed to authorize an exception to the new statutory general rule.

In contrast to the AD situation, nothing in the 1979 Act or in the URAA was inconsistent with a CVD expedited review regulation, and so no statutory amendment was needed to support CVD expedited reviews.  The existence of this separate AD expedited review provision, accordingly, does not in any way undermine Commerce's authority to promulgate the CVD expedited review regulation.  *Amicus* Br. at 23–24.

9

\* \* \* \* \*

For all the foregoing reasons, and for the reasons discussed in the Plaintiffs-Appellants' briefs and in the United States' *Amicus* Brief, the URAA provided Commerce with the authorization to promulgate expedited review regulations, and the CIT erred in holding otherwise.  We respectfully request this Court to so find.

Respectfully submitted,

/s/ Joanne Osendarp
Joanne Osendarp
Lynn G. Kamarck
Alan Kashdan
Conor Gilligan
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001
Tel:  (202) 756-8349
Email:  josendarp@mwe.com

Counsel for Government of Canada

/s/ Matthew J. Clark
Matthew J. Clark
Nancy A. Noonan
ARENTFOX SCHIFF LLP
1717 K Street, N.W.
Washington, DC 20006
Tel:  (202) 857-6000
Email:  matthew.clark@afslaw.com

Counsel for Government of Québec

/s/ Stephan E. Becker
Stephan E. Becker
Aaron R. Hutman
Moushami P. Joshi
PILLSBURY WINTHROP SHAW PITTMAN
LLP
1200 17th Street, NW
Washington, DC 20036
Tel:  (202) 663-8277
Email:
stephan.becker@pillsburylaw.com

Counsel for Government of New
Brunswick

/s/ Edward M. Lebow
Edward M. Lebow
Angela Oliver
HAYNES AND BOONE, LLP
800 17th Street, NW, Suite 500
Washington, DC 20006
Tel:  (202) 654-4514
Email:  ed.lebow@haynesboone.com

Counsel for Les Produits Forestiers
D&G Ltée and Marcel Lauzon Inc.

11

/s/ Richard L.A. Weiner
Richard L.A. Weiner
Rajib Pal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8075
Email:  rweiner@sidley.com

*Counsel for North American Forest Products Ltd.*

/s/ Yohai Baisburd
Yohai Baisburd
Jonathan M. Zielinski
James E. Ransdell
CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW, Suite 400
Washington, DC 20006
Tel:  (202) 567-2319
Email:  ybaisburd@cassidylevy.com

*Counsel for Scierie Alexandre Lemay & Fils Inc.*

/s/ Mark B. Lehnardt
Mark B. Lehnardt
LAW OFFICES OF DAVID L. SIMON, PLLC
1025 Connecticut Ave., N.W. Ste. 1000
Washington, D.C. 20036
Tel:  (202) 642-4850
Email:  marklehnardt@dlsimon.com

*Counsel for Fontaine Inc.*

February 22, 2023

## **CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's June 10, 2022 Order and Rule 32 of the Rules of this Court 32(a)(7), I certify that the foregoing brief is within the 15 pages limit as set by the Court, excluding the parts of the brief exempted by the rule. The brief complies with the typeface requirements and type style requirements of Fed. R. App. P. 32(a)(5) and has been prepared using Times New Roman 14-point font, a proportionally spaced typeface.

/s/  *Joanne Osendarp*