2022-1021, 2022-1068, 2022-1078

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL
TRADE INVESTIGATIONS OR NEGOTATIONS,

*Plaintiff-Appellee*,

v.

FONATINE INC., GOVERNMENT OF CANADA, MARCEL LAUZON INC.,
LES PRODUITS FORESTIERS D&G LTEE, NORTH AMERICAN FOREST
PRODUCTS LTD., PARENT-VIOLETTE GESTION LTEE, LE GROUPE
PARENT LTEE, SCIERE ALEXANDRE LEMAY & FILS INC.,
GOVERNMENT OF QUEBEC, MOBILIER RUSTIQUE (BEAUCE) INC.,
GOVERNMENT OF THE PROVINCE OF NEW BRUNSWICK,

*Plaintiffs-Appellants*,

v.

UNITED STATES,

*Defendant*.

Appeal from the United States Court of International Trade
in Consol. Case No. 19-CV-00122-MAB, Chief Judge Mark A. Barnett.

**SUPPLEMENTAL BRIEF OF PLAINTIFF-APPELLANT,
MOBILIER RUSTIQUE (BEAUCE) INC.**

JOHN R. MAGNUS
TRADEWINS LLC
1330 Connecticut Ave., NW

Washington, D.C. 20036
Tel:  (202) 744-0386
Email:  jmagnus@tradewinsllc.net

*Counsel for Mobilier Rustique (Beauce) Inc.*

February 22, 2023

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………...……ii

ARGUMENT …………………………………………………………...1

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council,*
  Inc., 435 U.S. 519 (1978) …………………………………………...2

*Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249 (Fed. Cir. 2001) ……2

**Regulations**

19 C.F.R. §351.214(k) ………………………………………………1,3

# **ARGUMENT**

Pursuant to this Court's Order of June 10, 2022, Plaintiff-Appellant Mobilier Rustique (Beauce) Inc. ("Rustique") submits this supplemental brief in response to the February 7, 2023 brief of *Amicus Curiae*, the United States (ECF 80).

That *amicus* brief confirmed (1) that Commerce correctly interpreted Article 19.3 of the WTO *Agreement on Subsidies and Countervailing Measures* as requiring exclusion reviews to be made available in CVD cases; (2) that the Uruguay Round Agreements Act ("URAA") authorized Commerce to codify exclusion review procedures, as Commerce did in promulgating 19 C.F.R. §351.214(k); and (3) that in any event there was no need for authorization via the URAA as the power to conduct exclusion reviews was one Commerce had long possessed and lawfully exercised. *See Amicus Brief* at 2, 18, 21.

Other Canadian Plaintiffs-Appellants are communicating to the Court today their reactions to various aspects of the analysis presented by the United States. Rustique wishes to emphasize just one aspect: point (3) above. To side with Plaintiffs-Appellants and reverse the Court of International Trade ("CIT") decision appealed from, this Court simply needs to recognize and hold that conducting exclusion reviews is a procedural matter falling well inside the administering authority's legal discretion.

1

In its *amicus* brief, the United States correctly observed that the decision of how many exporters to examine individually at the opening stage of a CVD proceeding – whether as mandatory respondents in the investigation or via an exclusion review like the Expedited Review – is a procedural matter. With that context, the United States noted that its position on exclusion reviews, like that of the Canadian Parties, is the only one consistent with "{t}he longstanding principle of administrative law that 'the formulation of procedures [is] basically to be left within the discretion of the agencies to which Congress ha[s] confided the responsibility for substantive judgments.'" *Amicus Brief* at 18, citing *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978) and *Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249, 1252-53 (Fed. Cir. 2001).

By framing the issue this way, the United States underscored the importance of reversing the CIT's decision: "the trial court's belief that specific grants of statutory authority are necessary to authorize every procedure is contrary to foundational principles of administrative law." *Amicus Brief* at 21, citing *Vermont Yankee,* 435 U.S. at 524. In other words, by wrongly asking whether the URAA had *bestowed* power to conduct exclusion reviews, rather than properly asking whether the URAA had somehow *removed* the power which Commerce already enjoyed on

such a procedural matter, the CIT decision espoused a destabilizing theory which must not be allowed to become a precedent.

Once it is accepted that Commerce clearly had (both before and after enactment of the URAA in 1994) the authority to *conduct* exclusion reviews, it necessarily follows that Commerce could lawfully publish a regulation informing the public about the *logistics* for exclusion reviews. Although there are several other valid bases for the same conclusion, this Court can – as the United States has now formally opined – uphold and reinstate 19 C.F.R. §351.214(k) for this reason alone.

Respectfully submitted,

*/s/ John R. Magnus*
John R. Magnus

TRADEWINS LLC
1330 Connecticut Ave. NW
Washington, D.C. 20036
Tel: (202) 744-0386
Email: jmagnus@tradewinsllc.net

*Counsel for Mobilier Rustique (Beauce) Inc.*

February 22, 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1) This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

- this brief contains 518 words, excluding the parts exempted by Fed. R. App. P. 32(f) and Fed. Cr. R. 32(b)(2).

2) This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) because:

- this brief has been drafted in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ John R. Magnus
John R. Magnus

**FORM 9. Certificate of Interest**

<span style="float:right">**Form 9 (p. 1)**<br>**July 2020**</span>

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---:|:---|
| **Case Number** | 2022-1021 |
| **Short Case Caption** | Committee Overseeing Action for Lumber v. US |
| **Filing Party/Entity** | Mobilier Rustique (Beauce) Inc. |

---

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/28/2021

Signature: /s/ John R. Magnus

Name: John R. Magnus

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Mobilier Rustique (Beauce) Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable      ☐   Additional pages attached

| | | |
|---|---|---|
| John R. Magnus | TradeWins LLC | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐   None/Not Applicable      ☐   Additional pages attached

| | | |
|---|---|---|
| 22-1068 | Fontaine v. United States | consolidated |
| 22-1078 | Govt of Canada et al v. United States | consolidated |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable      ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |